IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Office of the Ohio Consumers' Counsel, | ) ) ) | |
| *Petitioner*, | ) ) | |
| v. | ) ) | No. 23-3324 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| *Respondent*. | ) ) | |

**MOTION TO INTERVENE OF**
**DUKE ENERGY OHIO, INC. IN SUPPORT OF RESPONDENT FERC**

Under Rule 15(d) of the Federal Rules of Appellate Procedure, Duke Energy Ohio, Inc. ("Duke") hereby moves to intervene in this matter in support of Respondent FERC.

## BACKGROUND

In Case No. 23-3324, the Office of the Ohio Consumers' Counsel seeks review of the following order and denial of rehearing issued by the Federal Energy Regulatory Commission:

1. *Office of the Ohio Consumers Counsel v. American Electric Power Service Corporation, et al.*, 181 FERC ¶ 61,214 (Dec. 15, 2022);

2. *Office of the Ohio Consumers Counsel v. American Electric Power Service Corporation, et al.*, Notice of Denial of Rehearing by Operation of Law, 182 FERC ¶ 62,095 (Feb. 17, 2023).

1

## **STATEMENT OF INTEREST**

Duke seeks to intervene in this case because it has a direct and substantial interest that cannot be adequately represented by any other party.

Duke was a party to the orders below. (Duke is among the Petitioners in the related case *Dayton Power & Light Co., et al. v. FERC*, 6th Cir. No. 21-4072, currently held in abeyance, and Duke has also filed seeking to intervene in the related case *American Electric Power Service Corporation v. FERC*, 6th Cir. No. 23-3196).

In this proceeding, the Office of the Ohio Consumers Counsel ("OCC") filed a complaint under section 206 of the Federal Power Act against the RTO Adder of Duke, as well as subsidiaries of American Electric Power Services Corporation ("AEP parties") and American Transmission Systems, Inc. ("ATSI"). 181 FERC ¶ 61,214 at P 1. OCC argued that Duke's existing rate was unjust and unreasonable. *Id.* at PP 60, 66. The Commission accepted some of Duke's arguments in defense of its RTO Adder, and rejected others. *See id.* at PP 63-64 (finding that the RTO Adder was unjust and unreasonable as part of the AEP parties' rate, but that Duke was "not similarly situated" to those parties and thus upholding Duke's RTO Adder).

Thus, the orders being appealed here directly bear on Duke's ability to recover an RTO Adder. Duke therefore "has a substantial legal interest in this

2

litigation." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997) (establishing this Circuit's rules for intervention and finding that a "substantial legal interest" is an element of intervention).

At the same time, Duke's interests are positioned uniquely. Duke agrees with FERC's conclusion upholding Duke's RTO Adder, but not with all of its reasoning. Thus, Duke satisfies the "minimal" burden to show that no current party will adequately represent its interests. *Michigan State AFL-CIO*, 103 F.3d at 1247.

Duke is seeking leave to intervene in this case to ensure that it can provide its unique perspective on the issues to be heard by this Court. Because this motion is timely under the rules of this Court, granting Duke's motion will not inconvenience any other party in this proceeding.

## **CONCLUSION**

Duke respectfully requests that the Court grant its Motion to Intervene in this case with full rights attendant thereto.

Dated: April 24, 2023						Respectfully submitted,

								*/s/ Matthew A. Fitzgerald*

								Matthew A. Fitzgerald
								MCGUIREWOODS LLP
								Gateway Plaza
								800 East Canal Street

Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

Noel H. Symons
Katlyn A. Farrell
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
T: (202) 857-2929
F: (202) 828-2992
nsymons@mcguirewoods.com
kfarrell@mcguirewoods.com

Heather M. Horne
Associate General Counsel
Duke Energy Corporation
1301 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20004
T: (202) 824-8009
heather.horne@duke-energy.com

*Counsel for Duke Energy Ohio, Inc.*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because:

- The motion contains 489 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B).

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- The motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

<i>/s/ Matthew A. Fitzgerald</i><br>
Matthew A. Fitzgerald

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2023, I filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the appellate CM/ECF system, which will send a notification of electronic filing to all counsel of record who are registered CM/ECF users.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald